# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERMAINE L. GADSON,

    Petitioner,

v.                               CASE NO. 19-3138-JWL

NICOLE ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner filed his petition in the Western District of Missouri, and it was transferred to this Court on July 26, 2019, because Petitioner is in federal custody at USP-Leavenworth. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner pleaded guilty to one count of being a felon in possession of a firearm, and was sentenced on January 26, 2016, in the Western District of Missouri to a 120-month term of imprisonment. *United States v. Gadson*, No. 4:14-cr-00078-RK-1 (W.D. Mo.), at Doc. 104. The Eighth Circuit Court of Appeals affirmed the judgment. *Id*. at Docs. 121, 122; *see also United States v. Gadson*, 670 F. App'x 907, 908–09 (8th Cir. 2016) (affirming denial of motion to suppress).

On July 24, 2017, Petitioner filed a § 2255 motion, alleging ineffective assistance of counsel and challenging the waiver in his plea agreement. *Gadson*, No. 4:14-cr-00078-RK-1, at Doc. 126. On November 28, 2017, the district court denied the motion and declined to issue a certificate of appealability. *Id*. at Doc. 127.

In Petitioner's current § 2241 Petition, he challenges the validity of his sentence as imposed. Petitioner claims actual innocence based on a new decision narrowing the felon-in-possession statute, citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Petitioner also alleges that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction or sentence because the remedy is time-barred. (Doc. 1, at 5.)

Petitioner also filed a "Motion for the Court to Take Judicial Notice of Petitioner's Claim Not Being a 28 U.S.C. 2241 as Filed, But Docketed as a 28 U.S.C. 2255" (Doc. 5). Petitioner argues that prior to the transfer of his case to this Court, his Petition was "documented as a 28 U.S.C. 2255." Petitioner attaches a form letter from the clerk that has spaces for the clerk to check whether the case is a petition for habeas corpus, a civil rights complaint, or a § 2255 motion. The clerk placed an "XX" by the line indicating the case was a petition for habeas corpus. Petitioner's motion misstates the docketing of his Petition, and is otherwise irrelevant to the Court's ruling. Therefore, the motion is denied.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609

F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner seeks to rely on the Supreme Court's decision in *Rehaif*, which he acknowledges is an intervening judicial interpretation of a statute, and not a new rule of constitutional law. When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). Preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h).

The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion,

3

and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014). However, prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under the savings clause in § 2255(e). *Id*.

However, § 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Id*. (citations omitted). "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589 (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

This Court is bound by Tenth Circuit precedent which addresses the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584.

Nothing about the procedure of Petitioner's prior § 2255 motion prevented him from making this same argument despite his claim that the Supreme Court decision he seeks to rely on was not in existence.[1] The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective." *See Prost*, 636 F.3d

---

[1] The Court expresses no opinion on the applicability of *Rehaif* to Petitioner's claim. *See Haskell*, 510 F. App'x at 745, n.4; *see also Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at n.8 (10th Cir. 2017).

5

at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

The Tenth Circuit's new test in *Prost* also provides that § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93); *Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *see also Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. June 5, 2018) (unpublished) (noting that anticipating *Mathis* and arguing it in the face of conflicting circuit precedent would be an "uphill battle," but petitioner "at least had the *opportunity* to take this path").

In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n.7 (citations omitted); *see also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*, 572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds

that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for the Court to Take Judicial Notice of Petitioner's Claim Not Being a 28 U.S.C. 2241 as Filed, But Docketed as a 28 U.S.C. 2255" (Doc. 5) is **denied.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 19th day of August, 2019.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**